## JARED E. KIRBY *v.* J. J. COLDWELL'S ADMINISTRATOR.

The object of the statute (Hutch. Co. 806, § 22) in requiring ten days' notice before the sale of certain property attached for debt, was intended to protect the rights of the owner of the property in having it sold for its full market value.

The officer who levies an attachment on the property, cannot make a sale of it which would bind the owner, without a strict compliance with the law.

The plea filed to the suit should not only have shown a sale of the property, but that the sale was conducted in every essential particular according to the requirements of the statute ; and it should also have shown that the money for which the property sold, was either deposited with the clerk, or that before the suit was instituted it was tendered to K.

IN error from the circuit court of Panola county ; Hon. Hugh R. Miller, judge.

Jared E. Kirby, at the November term, 1848, of the circuit court of Panola county, sued J. J. Coldwell, in an action of trover, for the illegal sale and detention of a certain amount of corn and fodder, taken into possession of said Coldwell, by virtue of a writ of attachment which had been placed in his hands, as sheriff of said county, to be levied on the property of said Kirby.

The defendant pleaded the general issue, which was joined in by the plaintiff. At the May term, 1850, of the court, the plaintiff obtained leave of the court to add to his declaration a count in case, to which the defendant filed an additional plea. At the November term, 1850, the plaintiff filed a demurrer to the last plea filed by defendant, which was overruled by the court, and the plaintiff allowed time to reply. He then filed a replication to the plea, and the defendant demurred to it, and the court sustained the demurrer, when the plaintiff refused to reply further ; judgment was rendered for the defendant Coldwell, and Kirby prayed a writ of error to this court.

*C. F. Vance* for appellant.

The defendant justifies himself under the statute authorizing

the sale of perishable property attached. Hutch. Code, c. 56, § 22.

This is an extraordinary power vested in the sheriff; an innovation on the common law; and should be strictly pursued, and it ought to appear so on the face of the proceeding. 3 Johns. Cas. 107; 1 S. & M. 368.

The power of selling perishable property is a naked statutory power uncoupled with an interest, and must be strictly pursued. 4 S. & M. 602; 10 Ib. 264; 12 Ib. 505.

The statute requires the sheriff, before selling such property, "to advertise such sale at the court house and other public places in his county, at least ten days before the sale. And the money arising from such sale shall be liable to the judgment obtained upon such attachment, and deposited in the hands of the clerk of the court to which such process shall be returnable, there to abide the event of such suit."

It is necessary that defendant should have stated in his special plea every fact necessary to give him jurisdiction. He does not allege that he advertised the property; neither does he allege that he deposited the money, arising from the sale, with the circuit clerk. These defects are fatal, and the demurrer should have been sustained. The plea is likewise defective in this, that it does not deny the allegation of the declaration, which says that defendant sold, disposed of, and wasted said corn, and appropriated the same to his own use.

The court likewise erred in sustaining the demurrer to plaintiff's replication. On this point, see the authorities above cited.

*S. B. McKee* for appellee.

The overruling of the plaintiff's demurrer to the defendant's special plea, and the sustaining the demurrer of defendant to plaintiff's replication, are relied on by the plaintiff as errors.

1st. It is insisted for the defendant, that there is no error in overruling the plaintiff's demurrer to the defendant's special plea to the second count of plaintiff's declaration, because the plea is conformable to the count, and answers substantially the whole matter or gravamen contained in the second count.

Matters of aggravation need not be answered. If the gist of the action is answered, that is sufficient. Chitty on Plead. 523, 524; Ib. 525.

2d. The special plea introduces new matter to the second count of the plaintiff's declaration. The general rule is, that a replication to a special plea must confess and avoid, or traverse the matter stated in the plea, first, by a replication *de injuria*, or, secondly, by a denial of the whole or part, according to the facts of the case. This replication does not traverse the plea. Does it confess and avoid it? The fact stated in the second count, at first view, is, or is not, a trespass. If it *is* not a trespass, the count does not show a cause of action against the defendant. If it is a trespass, the facts and circumstances stated by the defendant, in his special plea, are a sufficient justification; and as the plaintiff does not traverse it, but sets up new matter in avoidance of *it*, this new matter must show that the plea, though true, will not justify the trespass committed and complained of in the second count of plaintiff's declaration; and it must also show that the plaintiff is entitled to his action for the same trespass as that mentioned in, and intended to be justified by, the pleading, such matter as, for instance, would show the defendant a trespasser *ab initio*. 1 Chit. Plead. 578, 579; Ib. 622, 624.

Now we contend that the plaintiff's replication to the defendant's special plea is defective in all these particulars. The new matter set up in the replication, is new matter entirely different from the matter stated in the plaintiff's declaration, and pleaded to by the defendant. If he relies on trespasses different from those pleaded to, he must new assign; and this he cannot do unless the trespass of which he new assigns was alleged in his declaration. 1 Chit. Plead. 624.

The demurrer of defendant to plaintiff's replication reaches back to the declaration; and as the declaration does not show the trespass which the plaintiff sets up in his replication, it is bad. The demurrer to the replication was, therefore, properly sustained. Steph. Plead. 144; *Haynes* v. *Covington*, 2 S. & M. 475. As a count in case, the second count of plaintiff's declaration is wholly insufficient. The act which plaintiff sets up in his replication was not a tortious act, and, therefore, dama-

ges in case could not be deduced from it. The plaintiff has his remedy in an action for money had and received. *Ashby* v. *White*, Smith's Lead. Cas. 259, 266.

Mr. Justice FISHER delivered the opinion of the court.

The only point requiring consideration arises upon the plaintiff's demurrer to the defendant's second plea; for the better understanding of which, we will briefly state the cause of action set forth by the declaration.

The first count of which is in trover, and avers that the plaintiff, being possessed of a certain quantity of corn and fodder of the value of $1,000, casually lost the same, which afterwards came to the possession of the defendant, who converted the same to his own use.

The second count alleges that the defendant, as sheriff of Panola county, levied an attachment against the estate of the plaintiff upon the said corn and fodder. That the plaintiff, who was the defendant in the attachment, appeared at the return term thereof, and upon his motion it was quashed; whereupon it became the duty of the defendant immediately to restore the said property to the plaintiff; which duty he (the defendant) failed to perform, but wasted the said property.

The plea under consideration sets forth that the property, having been adjudged by three respectable freeholders to be of a perishable nature, was sold " at public vendue " for the sum of one hundred and forty dollars. To this plea the plaintiff demurring, assigned as causes,

1. That it is not averred that the defendant, as sheriff, gave ten days' notice of the time and place of the sale.

2. That it is not averred that the defendant deposited the money arising from the sale with the clerk of the court into which the attachment was returnable, as required by the statute.

The statute declares, that if three freeholders shall, under oath, certify that in their opinion the goods are of a perishable nature, and in danger of immediate waste and decay, and the person to whom they belong shall not, within twenty days after serving such attachment, replevy the same, then such goods and chattels shall be sold at public vendue by the sheriff, " he having advertised such sale at the court house and other public

places in his county at least ten days before the sale." The statute further declares, that the money arising from the sale shall be deposited in the hands of the clerk of the court, "to abide the event of such suit." Hutch. Code, 806, § 22.

The object of the ten days' notice was to inform the public of the time and place of the sale, that the rights of the owner of the property might be fully protected, in having it sold for its full market value. However the rule may be as to third parties, or innocent purchasers of the property, without notice of the irregularity of the sale, it has no application to a controversy between the owner of the property, and the sheriff. The law has prescribed the manner in which he must perform his duty. He could not make a sale of the property which would bind the plaintiff to receive less than its fair market value, without a strict compliance with the law. The very point in controversy in the court below under the pleading was, whether the plaintiff was entitled to recover the fair market value of the property at the time the attachment was quashed, or whether he should be required to receive in full satisfaction therefor the $140, the proceeds of the sale. This was the only issue presented by the pleadings.

The question, therefore, naturally presents itself, whether the plea disclosed a valid defence in this respect to the defendant, or, in other words, a sale conducted according to the plain and unmistakable language of the statute. To this but one answer can be given, and that is, that it does not appear that the notice for ten days was given as required by law, without which there could be no disposition of the property requiring the plaintiff to receive less than its fair value. The plea, to avail the defendant, must not only show a sale, but a sale conducted in every essential particular according to the requirements of the statute. This it fails to do, and it is therefore defective.

The second cause of demurrer may be disposed of in few words. The plea should certainly have shown that the money was either deposited at the proper time with the clerk, or that it was, before the suit was commenced, tendered to the plaintiff, and that he refused to receive it; in which event, it should have been brought into court. As the plea appears upon its

face, it confesses a cause of action to the amount of $140, and sets forth no excuse for not discharging it. Under any view of the case, the plaintiff ought to have recovered to this amount and costs of suit; and yet, strange to say, on sustaining the demurrer to plaintiff's replication to the second plea, judgment is rendered that he take nothing by his bill, &c.

Judgment reversed. Judgment in this court sustaining the demurrer to the second plea. Judgment of *respondeat ouster,* and cause remanded.